SYDNEY H. CURTIS and another *vs.* JAMES HART and others.

December 5, 1885.

Practice—Construction of Stipulation.

Appeal by plaintiffs from an order of the district court for Todd county, *Collins*, J., presiding, assessing and allowing defendants certain damages under the stipulation referred to in the opinion.

*B. F. Hartshorn*, for appellants.

*J. D. Jones*, for respondents.

GILFILLAN, C. J. There is nothing whatever in this appeal. Plaintiffs brought an action against defendants to determine the title to certain logs and timber, and obtained, giving the usual bond, a writ of injunction. Pending the action, the parties entered into a stipulation, agreeing that the plaintiffs should take the logs to defendants' mill, where they should remain till the further order of the court, and containing this clause: "And the said parties hereby agree to submit to said court for its decision, upon said trial, what, if any,

compensation or allowance shall be made to said defendant for his work and labor and expense in cutting, running, and driving said logs to the place aforesaid." Nothing was said about any compensation to plaintiffs. Judgment having been rendered for defendants, they applied, under Gen. St. 1878, c. 66, § 203, to have their damages by reason of the injunction ascertained. On that application plaintiffs claimed to be allowed for costs and expenses of running the logs under the stipulation, and the claim was rejected by the court, and this appeal is from the order rejecting that claim and assessing defendants' damages. Even if, on such an application, the defeated party may by consent interpose a counterclaim to the successful party's claim for damages by reason of the injunction, (and he certainly could not, except by consent,) the court below was right, for the stipulation does not consent to it.

Order affirmed.